Caruthers, J.,
delivered the opinion of the Court.
Byerly & Owens brought this suit against Johnson for $250, illegally paid to him by Owens, out of the money of the firm. They recovered, and the case is brought up by Johnson upon supposed errors in the charge of the Court.
Johnson carried on a large tannery near the place of business of Byerly & Owens. A good deal of his leather was stolen, and he traced it to the store of defendants, where it seems it had been received by Owens, who conducted the business of the firm, from a slave, knowing that it was stolen. He charged Owens with the crime, and, perhaps, threatened him with a criminal prosecution. Owens admitted his guilt, and •agreed to pay Johnson $250, the supposed value of the leather, *195 fco keep the matter secret, and refrain from prosecuting Mm. It is not certain whether a note was first given, and then paid off, or the money was paid in the first instance, but that is not material. But that it has been paid and received, there is no dispute, and that it was the money of the firm, there can be hut little doubt. When the facts came to the knowledge of Byerly, this action was instituted in the name of the firm, to recover hack the money.
The law was charged in favor of the action, and there being no dispute about the facts, a judgment was recovered for the $250. The Court was asked to charge, that if the facts were such as to repel Owens on account of the illegality of the transaction in compounding a felony, the joint action conld not he maintained. But he refused, and held, that if Owens paid out the firm means, upon such illegal contract, without the knowledge, concurrence, or sanction of his partner, an action would lie in the name of the firm, to recover it hack.
Of course, it is not controverted on any hand, that no suit would be entertained, of Owens or Johnson, upon any matter arising out of the transaction in any Court of Justice, because they were parties in the violation of law, by compounding a felony, and are equal in the guilt. This has been too often held by our own, and all other Courts, to be now open to controversy. But it is insisted, that the same rule does not exclude from the Gourts the innocent partner, where the funds of the firm have been thus illegally abstracted by his co-partner ; and that in such a case, the name of the guilty party may he united in the suit as a member of the firm.
In support of this charge, we have been referred to authorities, to show that any illegal use or misapplication of the means of a firm, or fraudulent use of its name and credit by one member, is not binding upon the others, and they may defend themselves against it, or assert their rights by joint action or defence. But all that is entirely foreign to the turning question in this case. The authorities make it very clear, that illegal or unauthorized contracts entered into in the name of the firm, by one of its members, cannot he enforced against *196 it. No one would think of controverting that, but that is not the question now. It would he, if Johnson had sued upon the note that was said to have been given in the first instance, by Owens, for the money. In that case he would have been repelled, because of the taint upon the transaction; but that aside, he would have failed, because it was known by him to have been without the scope of the partnership business. But such is not this case. It is a suit by two partners to recover back money which one of them paid out of the firm money, upon an illegal contract to compound a felony, and defeat public justice. The contract was executed. The question is, not whether Owens had authority to make this use of the firm means, or whether his partner is bound by it, for upon that, there could be no doubt; but having so used the money, can it be regained by suit. It would not be contended for a moment, that Owens could maintain this suit, if there were no partnership. No Court would entertain a suit in favor of one whose hands were so stained. He has not only admitted his guilt of a felony, in receiving stolen goods, but has added the offence of compounding the felony. In such cases, the Courts of Justice will not contaminate themselves by entertaining a suit in behalf of either party, but leave them in the condition they have placed themselves, giving to the defendant that advantage which the principle of non-intervention secures to him. Not because his case is the better one, for they are equal in the violation of the law and public policy; but because he has the advantage of position, merely. But it is contended that Byerly is innocent, and that as the funds in which he was interested Have been illegally paid into the hands of Johnson, by his guilty partner, that he has a right to sue, and use the name of the firm, as he cannot sue for partnership funds in any other way. Such was the opinion of the Circuit Judge. We cannot concur in it. The plaintiffs must succeed, or fail, together. Byerly must take the consequences of his corrupt association. If one plaintiff must be repelled, the other must go with him; they cannot be separated. His partner is accountable to him for a misapplication *197 of the firm means, but not the recipient of them, at the bands of a Court, under such circumstances. This result is the less to be regretted in this ease, because, there is reason to believe that the leather, for which the money was paid out of the firm, went into the business, though without the knowledge, perhaps, of Byerly. To that, however, we give no consequence, but simply put the case upon the ground, that if one partner, who is united in a suit as plaintiff, must be repelled on the ground stated, so must the other, though he be innocent of actual participation in the crime. We have been referred to no authorities on the precise point, by either side, but such we understand to be the principle which must govern the ease.
It might be added, that upon another ground the plaintiffs must fail. The implied promise to repay the money, upon which the suit is based, has nothing to support it but the unlawful agreement and transaction in which it was received and paid, and, therefore, cannot be the subject of a suit. Bates v. Watson, 1 Sneed, 380.
The judgment will be reversed, and a new trial granted.